Philip J. Danaher, Esq. Informal Opinion Town Attorney No. 97-51 Town of Nassau 77 Troy Road East Greenbush, N Y 12061
Dear Mr. Danaher:
You have asked whether a local law of the Town of Nassau providing for removal of a town planning board or zoning board of appeals member if the member misses three meetings of the board during a calendar year, other than for a medical or other emergency, complies with procedural due process requirements of State law.
Town Law §§ 267(9) and 271(9) now authorize the removal of members of a zoning board of appeals or a planning board for cause. These provisions are substantively the same, authorizing the town board to remove, after public hearing, any member of the zoning board of appeals or planning board for cause. Further, these provisions authorize the removal of a member of either board for Anon-compliance with minimum requirements relating to meeting attendance and training as established by the town board by local law@.
Your town's local law, in part, is consistent with these statutory authorizations by defining minimum attendance requirements for members of the zoning board of appeals and the planning board. The local law does not, however, provide for a public hearing prior to removal. The failure to require a public hearing is not only inconsistent with the provisions of the Town Law, which requires a public hearing prior to removal for cause, but also with due process standards. The members of zoning boards of appeals and most planning boards exercise sovereign powers of government and, therefore, are public officers. Op Atty Gen (Inf) No. 89-8 (planning board member). In our view procedural due process requires that these public officers have the opportunity to explain the reasons for their absences. In that under your local law, absences necessitated by medical and other emergencies are excused, a public hearing is necessary to determine whether the facts establish a reasonable basis for a conclusion that an emergency existed.
We conclude that a town local law establishing attendance requirements for members of the zoning board of appeals and planning board is authorized by the provisions of the Town Law. Removal is subject to procedural due process requirements.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions